Wardlaw, J.
The declaration in assumpsit alleges the promise to have been made to the husband and wife jointly, without any statement of the wifes interest, or any reason shown why she should have been joined. The defect is plainly one which is not cured by the verdict, and which is fatal upon motion in arrest of judgment. 1 Chit. Pl. 20; 2 Wm. Bla. 1236; 2 Caines’ Rep. 221; 2 Bur. 170.
The plaintiffs’s counsel, opposing a technical objection on his part to the technical exception now taken to what he considers a very meritorious recovery of the plaintiff’s, has insisted that this motion should be overruled, because there is a defect in the office copy, which the appellant has produced under the 81st rule of Court, which requires that the appellant, relying on an exception to the record, shall procure and bring up an office copy. The office copy here produced, contains the declaration, plea, similiter and verdict, and is said to be defective, because the notice of a discount which was offered is not contained in it.
If it appeared that the omission made by the officer might keep from view any thing that could influence the decision, it is probable'that the Court would give time for remedying the defect, rather than dismiss the appeal. But it is not even alleged that there was any thing peculiar in the notice of discount, or that it could have caused the defect in the declaration; and it would be extreme severity to reject an office copy, which presents all that is necessary for understanding the motion, because something immaterial is omitted. If the notice of discount be essential, why not *280 also the writ, the sheriff’s return, and the venire'l The office copy required by the rule is not a perfect exemplification. In the common parlance of the profession, the pleadings are called the record, although in absolute strictness it may be unteehnical to call them so, whilst they remain in paper before entry of judgment. The appellant here has produced all that either party could have occasion to refer to, and has obeyed the rule, according to the usual practice of the Court. • ■
W. F. Hat,son, for the motion,
argued — in all cases, if the wife be joined in the action, her interest must be expressly stated in the declaration, and cannot be intended. 1 Chit. PI. 20; C. 20. Jac. 644. 2 Caines Rep. 221; 2 Black. 1236; 1 Bar. 75, 249. But it may be objected, that the husband had a right to bring the action alone. This does not avail. See 1 Chitty, 19 and 20. It is not too late to move in arrest of judgment, though the plaintiff might have demurred. Bidgood vs. Way and wife, 2 Black. 1236; Abbot & Blofield, Cro. Jac. 644; Holmes & Wood, 1 Bar. 75 and 249; Venters v. England and wife, l.M’C. 14; Chapman andioife vs. Hardy and wife, Brev. Rep. S. P. TLM’C. 578.
E. & A. Rheit, contra.
The motion is granted.
Richardson, G’Neall, Evans, Butler, and Earle, Justices, concurred.